STATE OF MAINE

YORK, ss.

DONALD L. GARBRECHT
LAW LIBRARY

FEB 11 2000

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. AP-99-066

PNF - YOR - 2/8/2000

TERRY F. HODSKINS,

        Plaintiff/Appellant

                                    ORDER
v.                                 AND
                                    DECISION

RICHARD C. HODSKINS,

        Defendant/Appellee

The parties were divorced by an amended divorce judgment of the District Court (York, *Wheeler,J.*) Both parties have appealed portions of the amended judgment.

The plaintiff's appeal concerns the relationship between 19-A M.R.S.A. §953 and the Law Court's decision in *Long v. Long,* 1997 Me. 171, 697 A.2d 1317 and how the statute and *Long* should be applied to the facts of this case. The dispute involves some $250,000 that is now held in six mutual funds and part of the value of a 34' sailboat.

The parties were married in 1974 and in the early 1990's Mr. Hodskins inherited about $260,000 after his father's death. Those funds were invested in six mutual funds that are in joint ownership. The District Court concluded that the funds were non-marital, that *Long* only applied to real estate and that the funds should be set aside to Mr. Hodskins.

The statute, 19-A M.R.S.A. §953(2), starts with the proposition that all property acquired by either spouse after the marriage is marital. Thus initially the inherited money would be marital. The statute quickly, however, excludes property acquired by gift, bequest, devise or descent or property acquired in exchange for such types of property. See 19-A M.R.S.A. §953(2)(A) and (B). Thus the mutual funds would be non-marital. Does *Long*, which dealt with real estate, change the result? I conclude that it does.

The decision of Mr. Hodskins to take the inherited money, which was non-marital, and place it in jointly owned mutual funds creates marital property. Had Mr. Hodskins died during the marriage while the funds were in joint ownership, Ms. Hodskins would have become the sole owner. The mutual funds would not have been part of his separate estate. While *Long* dealt with real estate the opinion does state at ¶17, "By holding that joint ownership results in marital property, we correct the interplay between subsections 2 and 3 and advance the statutory purpose of subjecting shared assets to the court's equitable powers of division."

On remand the District Court shall treat the mutual funds and the entire value of the sailboat as marital and make a just division of all of the marital property. Other aspects of the divorce judgment may be adjusted if necessary.

The defendant has filed a cross-appeal dealing with the allocation of pension benefits of the parties. Ms. Hodskins receives approximately twice as much in retirement and disability income as Mr. Hodskins receives in pension benefits. Each party was awarded the value of their pension plans. The Court concluded, however,

2

that since Mr. Hodskins received the income from the mutual funds his total income was greater than Ms. Hodskins and that no portion of her income or pension plan should be assigned to him.

Mr. Hodskins argues that the failure to award him a portion of her pension benefits constitutes an abuse of discretion. He asserts that the District Court counted his asset twice. I find no error in the District Court's analysis. The funds and the income from the funds are, though obviously related, separate. It was within the District Court's considerable discretion to rule as it did. On remand the issue may be reconsidered, if appropriate, given that the mutual funds must be treated as marital property.

The entry is:

> Plaintiff's appeal sustained. Defendant's cross-appeal denied. Amended divorce judgment vacated. Remanded to the District Court.

Dated:        February 8, 2000

Paul A. Fritzsche
Justice, Superior Court

PLAINTIFF:
JAMES B SMITH ESQ
WOODMAN EDMANDS DANYLIK & AUSTIN
P O BOX 468
BIDDEFORD ME   04005-0468

DEFENDANT:
BRENDAN B PENNEY ESQ
NADEAU & PENNEY
199 MAIN ST
SANFORD ME   04073